UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PB GROUP, INC.,

              Plaintiff,

  -against-

RYTEC CORPORATION,

             Defendant.
-----------------------------------------------------------------X

Civil Action No.: _____

**07 CIV. 8378**

### NOTICE OF REMOVAL

**JUDGE ROBINSON**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by defendant Rytec Corporation ("Rytec") from the Supreme Court of the State of New York, Rockland County, to the United States District Court for the Southern District of New York, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York. As grounds therefor, Rytec states as follows:

1. This action may be removed to this Court by Rytec pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

2. On or about August 17, 2007, plaintiff PB Group, Inc. ("PBG") filed an action in the Supreme Court of the State of New York, Rockland County, entitled *PB Group, Inc. v. Rytec Corporation*, Index No. 07452/07 (the "State Court Action"). A copy of plaintiff's Summons and Complaint, which constitutes all process, pleadings and orders served upon the Rytec in the State Court Action, is attached as Exhibit A.

3. Rytec purportedly was served with the Complaint in the State Court Action on or about August 28, 2007.

4. This Notice of Removal is filed within thirty days after the Complaint was first served on the defendant and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

5. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the New York Supreme Court, Rockland County, is attached as Exhibit B and will be filed in the State Court Action and forwarded to plaintiff upon the filing of this Notice of Removal.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

6. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that there is complete diversity between all parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### All Parties Are Diverse

7. As alleged in the Complaint, plaintiff PBG is a New York company located in Chestnut Ridge, New York. (Exhibit A, Compl. ¶ 1) Upon information and belief, plaintiff is a citizen of New York.

8. Rytec is alleged to be a "corporation organized under the laws of the State of Illinois with a principal place of business at One Cedar Parkway, Jackson, Wisconsin." (Compl. ¶ 4) Rytec is now, and at the time the State Court Action was commenced, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Wisconsin. Therefore, it is now, and at the time the State Court Action was commenced, a citizen of Illinois and Wisconsin for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

9. There is thus complete diversity of citizenship between plaintiff and defendant.

**The Amount In Controversy Exceeds $75,000**

10. For this Court to have federal subject matter jurisdiction based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

11. In this case, PBG's Complaint alleges that statements made by Rytec "constituted per se defamation in that they were intended to harm PBG's professional reputation and integrity and impugn PBG's fitness to carry on its profession." (Compl., ¶ 35) The Complaint does not specifically seek an exact dollar amount, but instead an unspecified amount of damages, punitive damages, and costs and expenses. (Compl., p. 8)

12. PBG accuses Rytec of making statements to a representative of its client, Genentech Corporation ("Genetech") that "disparaged PBG's professional integrity" and "were intended to harm PBG's professional reputation and integrity and impugn PBG's fitness to carry on its profession." (Compl. ¶¶ 28, 35). PBG alleges that Rytec made such statements "in a malicious attempt to harm PBG's reputation in the eyes of Genentech" and seeks a judgment "awarding PBG appropriate punitive damages to sanction Rytec for Rytec's malicious and reckless conduct." (Compl. ¶ 34).

13. PBG claims that one contract between PBG and Genentech is worth millions of dollars, and that the alleged damage caused by Rytec has damaged both PBG's reputation and its relationship with Genentech. Accordingly, the value of PBG's business reputation and relationship with Genentech will likely be over $75,000, and the $75,000 amount-in-controversy requirement is satisfied.

14. Consequently, this action is removable to federal court because there is original federal jurisdiction under 28 U.S.C. § 1332.

15. Accompanying this Notice of Removal are a Civil Cover Sheet, Fed. R. Civ. P. Rule 7.1 Disclosure Statement, and a check in the amount of $350.00 for the required filing fee.

**WHEREFORE**, defendant Rytec Corporation removes the State Court Action from the Supreme Court of the State of New York, Rockland County, to this Court, and prays that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in said state court.

Dated: New York, New York
September 27, 2007

By:

NICOLETTI GONSON SPINNER & OWEN LLP.

Marina A. Spinner, Esq.
Attorney Bar Code: MS9959
*Attorneys for Rytec Corporation*
555 Fifth Avenue, 8th Floor
New York, NY 10017

To: Rottenberg Lipman Rich, P.C.
Attorneys for Plaintiff
369 Lexington Avenue
New York, NY 10017
(212) 661-3080

14634399

Doc ID:    Type: COV
Recorded: 08/17/2007
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

SU-2007-07452

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------- X
PB GROUP, INC.,

                      Plaintiff

-against-

RYTEC CORPORATION,

                      Defendant.

-------------------------------------------------------------- X

FILED SL
AUG 17 2007
ROCKLAND COUNTY
CLERK'S OFFICE

Date Com and Index

Index No.:

Plaintiff designates Rockland County as the place of trial

**SUMMONS**

Plaintiff has its principal place of business at:
80 Red Schoolhouse Road,
Chestnut Ridge, New York.

To the above-named defendant:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on plaintiff's attorney(s) within 20 days after service of this Summons exclusive of the day of service (or within 30 days after service is completed if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     The basis of the venue designated is plaintiff's principal place of business.

August 14, 2007

                                ROTTENBERG LIPMAN RICH, P.C.

                                By: _____
                                   Mark M. Rottenberg
                                   Attorneys for Plaintiff
                                   PB Group, Inc.
                                   369 Lexington Avenue
                                   New York, New York 10017
                                   (212) 661-3080

**Defendant's address:**

Rytec Corporation
One Cedar Parkway
Jackson, WI 53037-0403

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------- X
PB GROUP, INC.,

                Plaintiff,         Index No.

    -against-                                COMPLAINT

RYTEC CORPORATION,

                Defendant.
-------------------------------------------------------- X

FILED SL AUG 1 7 2007 ROCKLAND COUNTY CLERK'S OFFICE

       Plaintiff PB Group, Inc. ("PBG"), by its attorneys, Rottenberg Lipman Rich, P.C., for its Complaint against defendant Rytec Corporation ("Rytec"), alleges as follows:

### The Parties

    1.    PBG is a corporation organized and existing under the laws of the State of New York. PBG has its principal place of business at 80 Red Schoolhouse Road, Chestnut Ridge, New York.

    2.    PBG is in the business, among other things, of designing, manufacturing and installing highly specialized controlled-environment storage and research facilities. PBG has designed and built specialized stability chambers, cold rooms, explosion proof rooms, hazardous material storage rooms, ultra sub zero chambers, controlled temperature and stability warehouses, museum and artifact storage rooms, blood bank storage rooms, incubators and warm rooms, and research and testing chambers. PBG also sells a line of parts and products related to the construction of such structures under the trademarked name "Insulated Structures."

3. Over the years, PBG has developed and maintained a good reputation for providing outstanding products and service in this highly specialized industry.

4. Upon information and belief, Rytec is a corporation organized under the laws of the State of Illinois with a principal place of business at One Cedar Parkway, Jackson, Wisconsin.

5. Rytec is in the business of designing and manufacturing industrial door and entrance systems, including, on information and belief, door and entrance systems for controlled-environment pharmaceutical storage facilities.

6. Rytec regularly does business in New York State, including, among other things, regularly sending its regional sales representatives to New York State and regularly selling its doors to consumers in New York State.

### Nature of the Action

7. This is a defamation action. In late July 2007, one of Rytec's Regional Sales Managers sent an email to one of PBG's most important customers, Genentech Corporation ("Genentech"), baselessly criticizing the quality of PBG's work on a major cold storage facility for Genentech and impugning PBG's honesty and integrity in making certain changes to project specifications.

8. Rytec had no basis for making the statements in the July 2007 email. Rytec had not inspected the work performed by PBG and was not privy to the negotiations leading to the changes to the relevant project specifications.

9. The allegations of Rytec's July 2007 email caused great concern among several Genentech executives to whom the email was forwarded.

2

10. Upon information and belief, Rytec's email has harmed PBG's valuable relationship with Genentech.

### Background Facts

11. In March 2007, Genentech solicited construction bids for a complex of eight temperature-controlled warehouse and packaging buildings and rooms to be built at Genentech's Hillsboro, Oregon facility (the "Hillsboro Project"). The Hillsboro Project was described in detail in fifteen pages of design specifications given to all potential bidders (the "Specifications").

12. Genentech Hoffman Construction Company ("Hoffman") to act as Construction Manager for the Hillsboro Project. Hoffman took the lead role in reviewing the construction bids received for the Hillsboro Project and in advising Genentech on awarding the construction contract.

13. On or about May 2007, PBG submitted a bid for the Hillsboro Project.

14. As part of the bidding process, Hoffman asked all bidders to submit suggested revisions to the Specifications.

15. Among other suggested revisions, PBG suggested changes to the doors described in the Specifications.

16. Section 2.5 of the Specifications provided specifications for "Automatic Sliding Entrance Doors." Section 2.5 provided that the "Basis-Of-Design Product" for the sliding doors should be the "Arctec Insulated Sliding Door; Rytec Corp."

17. In preparing its bid, PBG obtained a bid from Rytec for the doors described in the Specifications. Rytec gave PBG a bid of approximately $170,000 for the doors described in the Specifications.

18. PBG's bid suggested that Genentech substitute the Rytec doors with doors custom built for PBG and sold under PBG's "Insulated Structures" brand name. Under PBG's proposal, PBG would contract with a company named Imperial Manufacturing, Inc. ("Imperial") for Imperial to manufacture doors built to PBG's custom specifications and sold under PBG's the Insulated Structures brand name. Imperial is an experienced manufacturer of insulated products and structures and manufactures its own line of cooler and refrigerator doors under the "R-Plus" trade name. PBG estimated that such a change would produce a cost savings to Genentech of approximately $49,000.

19. On or about May 2007, Genentech and Hoffman informed PBG that PBG had been awarded the contract for the Hillsboro Project.

20. On or about June 2007, representatives of Genentech Hoffman approved PBG's suggestion that Insulated Structures doors be substituted for the Rytec doors described in the Specifications.

21. The total contract price for the Hillsboro Project was over $5 million.

22. In or around July 2007 Rytec discovered that PBG had substituted other doors for the Rytec doors for the Hillsboro Project.

23. Upon information and belief, on or around July 25, 2007, Rytec's Regional Pharmaceutical Sales Manager, Brian Fulton, set up a meeting with one of Genentech's in-house architects working on the Hillsboro Project, Joseph Miller, to discuss the status of the doors used on the Hillsboro Project.

24. Upon information and belief, on or around July 25, 2007, Mr. Miller informed Mr. Fulton, in sum and substance, that PBG had substituted Rytec doors

- 4 -

with doors manufactured by Imperial for the Hillsboro Project.

25. On July 30, 2007, Mr. Fulton sent Mr. Miller a defamatory email that was maliciously designed to disparage PBG for the sole purpose of resurrecting Rytec's opportunity to sell Genentech doors for the Hillsboro Project (the "Fulton E-mail"). A copy of the Fulton E-mail is annexed hereto as Exhibit A.

26. The Fulton E-mail disparaged the doors provided by PBG to the Hillsboro Project. The Fulton E-mail misrepresented that Imperial's R-Plus doors, rather than doors custom manufactured to PBG's specifications, were being supplied to the Hillsboro Project. The Fulton E-mail further misrepresented that the doors being supplied to the Hillsboro Project had a reputation as being "cheap" and "problematic."

27. The representations in the Fulton E-mail that the doors that PBG was providing to the Hillsboro Project were R-Plus doors and that the doors being provided to the Hillsboro Project had a poor reputation were not true because the doors that PBG was in fact providing to the Hillsboro Project were not R-Plus doors but rather custom doors manufactured according to PBG's own rigorous specifications.

28. The Fulton E-mail disparaged PBG's professional integrity by baselessly suggesting that PBG had surreptitiously substituted R-Plus doors for Rytec doors. The Fulton E-mail states:

> The first question I have is whether or not this "change" was approved by Genentech prior to submittal. During my follow up with the PB Group they told me that they bid our doors to Genentech and didn't even get another bid from anyone else. If they bid our doors to you and didn't get this approved prior to submittal, you should get what you are paying for.

(Emphasis added.)

29. The suggestion in the Fulton E-mail that PBG had improperly

5

passed off the "change" of doors on Genentech and that Genentech would not "get what you are paying for" had no basis in fact.

30. In fact, PBG had suggested the change of doors in response to Hoffman's request that PBG provide such suggestions for cost savings or improvements to the Specification. Further, Hoffman had fully reviewed and approved the change of door specifications and Genentech's resulting cost-savings.

31. The Fulton E-mail further represented that Mr. Fulton had reviewed R-Plus literature and was concerned whether the doors provided by PBG were proper for the Hillsboro Project.

32. The Fulton E-mail suggests that the doors provided by PBG did not use a "closed cell foam" and thus "will absorb moisture, etc." This suggestion was baseless and false as the doors that PBG was providing for the Hillsboro Project did in fact use a closed cell foam that would not absorb moisture.

33. The Fulton E-mail represented that the doors provided by PBG "have wood in the side frame" and therefore were "not good for Pharmaceutical applications." This representation was baseless and false as the doors that PBG was providing for the Hillsboro Project did not have wood frames and were perfectly suitable for pharmaceutical applications such as the Hillsboro Project.

34. The disparaging statements made in the Fulton E-mail were false when they were made, Rytec knew that there was no good faith basis to believe that such statements were true and Rytec made such statements in a malicious attempt to harm PBG's reputation in the eyes of Genentech so that Genentech would reverse PBG's recommendation not to use Rytec doors on the Hillsboro Project.

35. The disparaging statement in the Fulton E-mail constituted per se

6

defamation in that they were intended to harm PBG's professional reputation and integrity and impugn PBG's fitness to carry on its profession.

36. The disparaging comments made by Rytec in the Fulton E-mail caused great concern to Genentech's Mr. Miller. Mr. Miller forwarded the Fulton E-mail to six other people working on the Hillsboro Project, including three senior Genentech project managers. Mr. Miller expressed grave concern about the allegations in the Fulton E-mail:

> FYI, If this is true this is a big concern. Per my review of the Warehouse/DC cold box submittal there was very little information on the doors, i.e. sections, construction details. If Item #3 is correct this is not acceptable at all. Who can follow up with this with Hoffman /PB Group?

37. On July 31, 2007, one of Genentech's project managers for the Hillsboro Project, Clark Orton, e-mailed PBG's President, Kevin Lewis, requesting an explanation of the allegations contained in the Fulton E-mail.

38. In August 2007 Mr. Lewis provided written responses to Mr. Orton addressing the allegations contained in the Fulton E-mail. In August 2007 Mr. Lewis also attended a meeting with Genentech executives and other people working on the Hillsboro Project to discuss the allegations contained in the Fulton E-mail.

39. Upon information and belief, the Fulton E-mail has damaged PBG's valuable relationship with Genentech.

### Claim for Defamation

41. By reason of the foregoing, Rytec defamed PBG.

42. As a direct and proximate result of Rytec's wrongful conduct, Rytec damaged PBG's reputation and damaged PBG's valuable relationship with

7

Genentech.

WHEREFORE, PBG respectfully demands judgment:

1. Awarding PBG damages in an amount to be determined at trial;

2. Awarding PBG appropriate punitive damages to sanction Rytec for Rytec's malicious and reckless conduct;

3. Awarding the costs and expenses incurred in connection with this action, including reasonable attorneys' fees, experts' fees and costs; and

4. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 14, 2007

ROTTENBERG LIPMAN RICH, P.C.

By: _____
Mark M. Rottenberg
Thomas E. Chase
Attorneys for Plaintiff
PB Group, Inc.
369 Lexington Avenue
New York, NY 10017
(212) 661-3080

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
PB GROUP, INC.,

                    Plaintiff,

    -against-

RYTEC CORPORATION,

                    Defendant.
-----------------------------------------------------------------X

Index No.: 07452/07

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that the within is a true copy of the Notice of Removal filed in the office of the Clerk of the United States District Court for the Southern District of New York on September 27, 2007.

Pursuant to 28 U.S.C. § 1446(d), the Supreme Court of the State of New York, New York County, shall proceed no further unless the case is remanded.

Dated: New York, New York
        September 27, 2007

                                      NICOLETTI GONSON SPINNER & OWEN LLP.
                      By:
                                      Marina A. Spinner, Esq.
                                      *Attorneys for Rytec Corporation*
                                      555 Fifth Avenue, 8th Floor
                                      New York, NY 10017
                                      212-730-7750

To:    Rottenberg Lipman Rich, P.C.
        Attorneys for Plaintiff
        369 Lexington Avenue
        New York, NY 10017
        (212) 661-3080