UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PB GROUP, INC.,                                                         Index No. 07 CV 8378 (SCR)

                            Plaintiff,                      <u>ANSWER</u>

      -against-                                                 <u>TRIAL BY JURY DEMANDED</u>

RYTEC CORPORATION,

                          Defendant.
-------------------------------------------------------------------X

       Defendant, Rytec Corporation, by and through its attorneys, Nicoletti Gonson Spinner & Owen LLP answers plaintiff's complaint as follows:

### ANSWERING THE PARTIES

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the complaint numbered "1".

       2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the complaint numbered "2".

       3.    Denies each and every allegation contained in the paragraph of the complaint numbered "3" and respectfully refers all questions of law to the court for determination.

       4.    Denies in the form alleged in paragraph of the complaint numbered "5"

       5.    Denies each and every allegation contained in the paragraph of the complaint numbered "6" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE NATURE OF THE ACTION

6. Denies each and every allegation contained in paragraph of the complaint numbered "7" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

7. Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

8. Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

9. Denies each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE BACKGROUND FACTS

10. Denies each and every allegation contained in paragraph of the complaint numbered "11" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

11. Denies each and every allegation contained in the paragraph of the complaint numbered "12" and respectfully refers all questions of law to the court for determination.

12. Denies each and every allegation contained in paragraph of the complaint numbered "13" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

13. Denies each and every allegation contained in paragraph of the complaint numbered "14" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

14. Denies each and every allegation contained in paragraph of the complaint numbered "15" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

15. Denies each and every allegation contained in paragraph of the complaint numbered "16" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

16. Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

17. Denies each and every allegation contained in paragraph of the complaint numbered "18" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the complaint numbered "19".

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the complaint numbered "20".

20. Denies each and every allegation contained in paragraph of the complaint numbered "21" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

21. Denies each and every allegation contained in the paragraph of the complaint numbered "22" and respectfully refers all questions of law to the court for determination.

22. Denies in the form alleged in paragraph of the complaint numbered "23".

23. Denies in the form alleged in paragraph of the complaint numbered "24".

24. Denies each and every allegation contained in paragraph of the complaint numbered "25" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

25. Denies each and every allegation contained in paragraph of the complaint numbered "26" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

26. Denies each and every allegation contained in the paragraph of the complaint numbered "27" and respectfully refers all questions of law to the court for determination.

27. Denies each and every allegation contained in paragraph of the complaint numbered "28" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

28. Denies each and every allegation contained in the paragraph of the complaint numbered "29" and respectfully refers all questions of law to the court for determination.

29. Denies each and every allegation contained in the paragraph of the complaint numbered "30" and respectfully refers all questions of law to the court for determination.

30. Denies each and every allegation contained in paragraph of the complaint numbered "31" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

31. Denies each and every allegation contained in paragraph of the complaint numbered "32" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

32. Denies each and every allegation contained in paragraph of the complaint numbered "33" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

33. Denies each and every allegation contained in the paragraph of the complaint numbered "34" and respectfully refers all questions of law to the court for determination.

34. Denies each and every allegation contained in the paragraph of the complaint numbered "35" and respectfully refers all questions of law to the court for determination.

35. Denies each and every allegation contained in the paragraph of the complaint numbered "36" and respectfully refers all questions of law to the court for determination.

36. Denies each and every allegation contained in paragraph of the complaint numbered "37" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

37. Denies each and every allegation contained in paragraph of the complaint numbered "38" and begs leave to refer to the original of said document on the trial of this action for the contents thereof.

38. Denies each and every allegation contained in the paragraph of the complaint numbered "39" and respectfully refers all questions of law to the court for determination.

### ANSWERING THE CLAIM FOR DEFAMATION

39. Denies each and every allegation contained in the paragraph of the complaint numbered "41" and respectfully refers all questions of law to the court for determination.

40. Denies each and every allegation contained in the paragraph of the complaint numbered "42" and respectfully refers all questions of law to the court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. If plaintiff has been injured and damaged as alleged in the complaint, such injury and damage were caused or contributed to by reason of plaintiff's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff and this answering defendant according to their relative responsibility therefore.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff failed to mitigate its damages pursuant to law, statute and agreement and therefore, has sustained no damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical

evidence or other proof; and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. The Court has no jurisdiction of the person of the answering defendant in that proper Service of Process was not made in accordance with the rules and laws of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. This Court lacks personal jurisdiction over the answering defendant.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiff's injuries, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. That any claims for punitive damages contained in the plaintiff's complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. This answering defendant alleges that it committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent and therefore, any award of punitive damages is barred.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

51. With respect to plaintiff's demand for punitive damages, this answering defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those

standards of limitation which arose in <u>BMW of North America v. Gore</u>, 116 U.S. 1589 (1996), <u>Cooper Industries v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile In. Co. v. Campbell</u>, 123 S.Ct. 1513 (2003).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

52. That the plaintiff's complaint does not set forth a basis for punitive damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims against this answering defendant are barred, in whole or in part, by laches, waiver and/or estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's complaint fails to join indispensable and necessary parties for the just adjudication of this matter.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

55. To the extent that plaintiff seeks punitive or "exemplary" damages for the conduct which alleged caused plaintiff's injuries as asserted in the complaint, such an award by this court would violate this answering defendant's federal and state constitutional rights.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's action must be dismissed in that venue is improper.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's action is barred and must be dismissed as any alleged defamatory statements made by the defendant were true or substantially true and made without malice.

### AS AND FOR AN EIGHTHTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff's complaint fails to plead the necessary elements of claims for defamation and defamation per se and thus plaintiff's complaint must be dismissed.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

59. Any alleged defamatory statements by defendant are protected under Qualified Privileges and thus non-actionable.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

60. Any alleged defamatory statements by defendant are protected under the Qualified Common Interest Privilege and thus non-actionable.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

61. Any alleged defamatory statements by defendant are protected under the Qualified Fair Comment Privileges and thus non-actionable.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

62. Any damages allegedly sustained by plaintiff was not proximately caused by the defendant's conduct.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

63. Plaintiff did not sustain any damages as a result of the defendant's conduct and thus plaintiff's complaint must be dismissed.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. This answering defendant reserves the right to amend its answer and add separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.

## JURY DEMAND

Defendant demands a trial by jury, pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, of all issues triable of right by a jury.

WHEREFORE, defendant, Rytec Corporation, demands judgment dismissing plaintiff's complaint together with defendant's costs and disbursements.

Dated: New York, New York
      October 3, 2007

Yours, etc.

By: _Marina A. Spinner/ER_
Marina A. Spinner, Esq. (9959)
Nicoletti Gonson Spinner & Owen LLP
Attorneys for Defendant
Rytec Corporation
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750
Our File: 70152.00022

TO: Rottenberg Lipman Rich, P.C.
     Attorneys for Plaintiff
     369 Lexington Avenue
     New York, New York 10017
     (212) 661-3080